IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT HINES as duly appointed
Personal Representative of the Estate of
L.M., JR. (a deceased minor),
NIKKI REPPERT as duly appointed
Personal Representative of the Estate of
J.C. (a deceased minor),
LA-ZONDRA RANDOLPH, ESQ. as duly appointed
Personal Representative of the Estate of
P.M. (a deceased minor), and
LA-ZONDRA RANDOLPH, ESQ. as duly appointed
Personal Representative of the Estate of
T.R. (a deceased minor),

Plaintiffs, CASE NO.: 1:26-cv-00088-MW-MJF

v.

ALAN PALMER,
FLORIDA HIGHWAY PATROL, a
division of Florida Department of
Highway Safety and Motor Vehicles,
DAVE KERNER in his capacity as
Director of Florida Department of
Highway Safety and Motor Vehicles,
GARY HOWZE II in his capacity as
Director of Florida Highway Patrol,
GORDON SMITH in his official
capacity as the duly elected sheriff of
Bradford County, FL, TRINTON
LOVELL, CHRISTOPHER
GARDINER, BRANDON
WHITEHEAD, AMERICAN
HONDA MOTOR COMPANY,
INC., HONDA MOTOR CO., LTD.,
and TIOGA CENTER LLC, TIOGA
CENTER RLKE, LLC, TIOGA

COMMUNITY MANAGEMENT, LLC, TIOGA, LLC, TIOGA CENTER OFFICE CONDOMINIUM ASSOC. INC., TOWN OF TIOGA COMMUNITY ASSOC. INC., JOHN DOE OFFICERS 1-10, and JANE DOE SUPERVISORS 1-5,

Defendants.
_______________________________________/

**DEFENDANTS DAVID KERNER, GARY HOWZE II, AND FLORIDA HIGHWAY PATROL'S MOTION TO DISMISS BASED ON ELEVENTH AMENDMENT IMMUNITY AND FAILURE TO STATE A CLAIM**

The Defendants, David Kerner, in his official capacity as Director of Florida Department of Highway Safety and Motor Vehicles, Gary Howze II in his official capacity as Director of Florida Highway Patrol, and Florida Highway Patrol ("FHP"), a division of Florida Department of Highway Safety and Motor Vehicles ("Department"), pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, and the Eleventh Amendment to the Constitution, move this Court to enter an Order dismissing the claims against them in Counts Three, Four, Five, Nineteen, and Twenty of the Amended Complaint, as they have immunity from suit in federal court under the Eleventh Amendment to the U.S. Constitution and as those claims otherwise fail to state a claim upon which relief can be granted.

## INTRODUCTION AND BACKGROUND

On April 18, 2026, Plaintiffs filed their Complaint in the United States District Court for the Northern District of Florida naming the above as defendants and seeking damages in the form of monetary relief. FHP is a division of the Department, and the summonses for all three were served at the Department's headquarters.

On April 20, 2026, Plaintiffs filed an Amended Complaint. Count Three of the Amended Complaint accused FHP of ratifying certain behaviors on the part of its officers, or of failing to train them properly. Plaintiffs seek damages in excess of $75,000.00. Count Four of the Amended Complaint accused David Kerner, in his official capacity as Director of the Department, of ratifying certain behaviors on the part of the Department's officers, or of failing to train them properly. Again, Plaintiffs seek damages in excess of $75,000.00. Count Five of the Amended Complaint accused Gary Howze II, in his capacity as Director of FHP, of ratifying the behaviors of FHP's officers, or of failing to train them properly. Once again, Plaintiffs seek damages in excess of $75,000.00.

Counts Three, Four, and Five are brought under 42 U.S.C. § 1983 and assert Monell policy, custom, and failure-to-train liability. Plaintiffs and the Estates seek only damages under each of these counts; no injunctive or other prospective relief is sought against FHP, Kerner, or Howze.

Count Nineteen of the Amended Complaint asserts a substantive due process claim under the Fourteenth Amendment. Although Count Nineteen is captioned as brought against "all individual Defendants," its body and Wherefore clause are not so limited, and Plaintiffs may contend that Count Nineteen reaches FHP, Kerner, and Howze as well. To the extent it does, this Motion addresses it below alongside Counts Three, Four, and Five.

Count Twenty of the Amended Complaint asserts a claim against FHP directly, as a public entity, under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. Like Counts Three, Four, Five, and Nineteen, Count Twenty seeks only damages.

## FACTS

FHP is a division of the Department, and the Department is a state agency established by § 20.24, Florida Statutes.

The Department is a principal executive agency of state government, headed by the Governor and Cabinet, with an Executive Director appointed by the Governor subject to Senate confirmation.[1] FHP is a division within the Department, rather than an independent corporate entity or municipal body, and its powers, officer

[1] Fla. Stat. § 20.24.

qualifications, and law enforcement mandates are governed by Chapter 321, Florida Statutes.[2]

Neither the Department nor FHP has independent taxing authority or local revenue generation; their operations are funded through legislative appropriations from the State Treasury.[3] Any monetary judgment against the Department, FHP, or their directors in their official capacities is paid from the Insurance Risk Management Trust Fund maintained by the Florida Department of Financial Services.[4]

## MEMORANDUM OF LAW

### LEGAL STANDARD

### *I. Rule 12(b)(1) Standard for Subject-Matter Jurisdiction*

Federal courts are courts of limited jurisdiction and strictly lack the constitutional power to adjudicate claims barred by the Eleventh Amendment.[5] A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may take one of two forms: a "facial attack" or a "factual attack."[6]

---

2 § 20.24(2)(a), Fla. Stat.; Ch. 321, Fla. Stat.

3 Fla. Stat. § 321.04.

4 Fla. Stat. §§ 284.30, 284.31.

5 *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

6 *Id.*

A facial attack challenges subject-matter jurisdiction based solely on the allegations in the complaint.[7] In evaluating a facial attack, the Court must take the well-pled factual allegations in the complaint as true. Factual attacks, by contrast, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings are considered.[8]

Where an entity or official is immune from suit under the Eleventh Amendment, the Court lacks subject-matter jurisdiction as a matter of fact, and so dismissal under Rule 12(b)(1) is mandatory.

***II. Rule 12(b)(6) Standard for Failure to State a Claim***

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[9] A claim is plausible only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[10]

While the Court must accept all factual allegations in the complaint as true, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."[11] Furthermore, where a claim fails

---

7 *Id.* at 1251.
8 *Id.*
9 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
10 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
11 *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

as a matter of law because a defendant is not a "person" subject to suit under 42 U.S.C. § 1983 or lacks the capacity to be sued under Federal Rule of Civil Procedure 17(b)(3), dismissal with prejudice under Rule 12(b)(6) is required.

## THE CLAIMS AGAINST THE DEPARTMENT AND ITS OFFICERS ARE BARRED BY THE ELEVENTH AMENDMENT AND THEY FAIL TO STATE A CLAIM

### A. This Court Lacks Subject-Matter Jurisdiction Under Rule 12(b)(1).

### *I. The Department and FHP Are Arms of the State Entitled to Eleventh Amendment Immunity.*

The Eleventh Amendment bars suits in federal court against a State and its agencies unless the State has unequivocally waived its immunity or Congress has validly abrogated it.[12] This immunity applies not only to the State itself but also to state agencies that function as arms of the State.[13] Furthermore, suits against state officials in their official capacity are essentially actions against the state.[14]

To determine whether an entity acts as an "arm of the State" entitled to Eleventh Amendment immunity, the Eleventh Circuit balances four factors: (1) how state law defines the entity; (2) the degree of state control over the entity; (3) the source of state funding; and (4) who bears financial responsibility for adverse

---

12 *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

13 *Miccosukee Tribe of Indians v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1231 (11th Cir. 2000).

14 *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

judgments.[15] Every factor confirms that the Department and FHP are arms of the State.

- **Factor 1: State Law Definition.** Florida law explicitly defines the Department as a principal executive agency of state government.[16] Defendant FHP is defined by statute as a division *within* the Department, rather than an independent corporate entity or municipal body.[17]

- **Factor 2: State Control.** The Department and FHP are subject to complete control by the state executive branch. The head of the Department is the Governor and Cabinet, and its Executive Director is appointed by the Governor subject to Senate confirmation.[18] FHP's powers, officer qualifications, and law enforcement mandates are strictly governed by state statute.[19]

- **Factor 3: Funding Source.** Neither the Department nor FHP has independent taxing authority or local revenue generation. Their operations are entirely funded through legislative appropriations from the State Treasury and specialized state trust funds.[20]

---

15 *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003) (en banc).
16 Fla. Stat. § 20.24 (2026).
17 Fla. Stat. § 20.24(2)(a) (2026).
18 Fla. Stat. § 20.24 (2026).
19 Fla. Stat. Ch. 321 (2026).
20 Fla. Stat. § 321.04 (2026).

- **Factor 4: Responsibility for Judgments.** Any monetary judgment rendered against the Department, FHP, or its directors acting in their official capacity is paid out of the State Risk Management Trust Fund maintained by the Florida Department of Financial Services.[21] Because a judgment would directly tap the public finances of the State of Florida, Eleventh Amendment immunity must apply.

Because, as explained below, no exception applies, this Court lacks jurisdiction over Plaintiffs' claims against FHP, Kerner, and Howze, and those claims should be dismissed under Rule 12(b)(1).

## ***II. The Eleventh Amendment Bars Federal Court Claims Seeking Retrospective Relief Under 42 U.S.C. § 1983.***

In Counts Three, Four, Five, and, to the extent applicable, Nineteen, Plaintiffs assert causes of action for civil rights violations and seek retrospective monetary relief. Such claims fall squarely within the category of suits barred by the Eleventh Amendment.

As the Supreme Court made clear in *Edelman*, the Eleventh Amendment prohibits suits "seeking to impose a liability which must be paid from public funds in the state treasury[.]"[22] Even when relief is framed in equitable or tort-based terms,

---

21 *See* Fla. Stat. §§ 284.30, 284.31.
22 *Edelman*, 415 U.S. at 663.

the Eleventh Amendment bars claims that would require payment of damages by the State or its agencies.[23]

Here, Plaintiffs' claims seek compensation for alleged past conduct that would be satisfied, if at all, from state funds. The claims against all three Defendants filing this motion assert essentially the same claim and seek funds from the same source. The claims are therefore indistinguishable from a damages action against the State itself and are barred as a matter of constitutional law.

### *III. Florida Has Not Waived Its Eleventh Amendment Immunity for § 1983 Claims.*

A state's waiver of Eleventh Amendment immunity must be "stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction."[24] Crucially, a state's consent to be sued in its *own* state courts does not constitute a waiver of its Eleventh Amendment immunity from suit in *federal* court.[25] Waiver of federal court immunity requires a specific and explicit statement to that effect.[26]

Florida has never waived its Eleventh Amendment immunity for civil rights claims brought under 42 U.S.C. § 1983.[27] Far from waiving its immunity, the Florida

---

[23] *Id.* at 668.
[24] *Id.* at 673.
[25] *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).
[26] *Id.*
[27] *See Hill v. Dep't of Corr.*, 513 So. 2d 129, 133 (Fla. 1987) (holding that Florida's waiver of sovereign immunity does not apply to § 1983 actions brought

Legislature explicitly reaffirmed its sovereign immunity in federal court by statute. Florida's general waiver of tort immunity contains an express reservation of Eleventh Amendment protection:

> "No clause contained in this section shall be construed to serve as a waiver on the part of the state or any of its agencies of its state sovereign immunity or of its immunity under the Eleventh Amendment to the Constitution of the United States."[28]

The Eleventh Circuit has repeatedly confirmed that § 768.28 does not extend to suits in federal court.[29] Because neither Congress has abrogated Eleventh Amendment immunity under § 1983 nor Florida has expressly consented to suit in this forum, Plaintiffs' claims against the Department, FHP, and Directors Kerner and Howze in their official capacities are strictly barred.

### *IV. No Other Exception Applies.*

The *Ex parte Young* doctrine provides an exception for this rule against state officials, but not state agencies directly.[30] Under *Ex parte Young*, a state official may be sued in their official capacity when seeking prospective equitable relief to end ongoing and continuing violations of federal law. In this case, Plaintiffs are not

---

against the state); *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1512 (11th Cir. 1986).

[28] § 768.28(18), Fla. Stat. (2026).

[29] *See Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990) ("Section 768.28 does not waive Florida's Eleventh Amendment immunity to suit in federal court.").

[30] *Ex parte Young*, 209 U.S. 123 (1908).

seeking injunctive relief. They have requested only damages, which they cannot recover from the Defendants.

Because the Department and its directors in their official capacity are immune from suit under the Eleventh Amendment, this Court lacks the authority to adjudicate Plaintiffs' claims in Counts Three, Four, Five, and, to the extent applicable, Nineteen. Dismissal of those claims is therefore required under Rule 12(b)(1).

**B. In the Alternative, the Complaint Fails to State a Claim Under Rule 12(b)(6)**

Even if this Court were not barred from exercising jurisdiction by the Eleventh Amendment, Counts Three, Four, Five, and, to the extent applicable, Nineteen independently fail to state a claim upon which relief can be granted, for two reasons: Defendant FHP lacks the legal capacity to be sued, and Defendants FHP, Mr. Kerner (in his official capacity), and Mr. Howze (in his official capacity) are not "persons" subject to liability under 42 U.S.C. § 1983. Dismissal is therefore independently required under Rule 12(b)(6).

***I. Defendant FHP Lacks the Legal Capacity to Be Sued, and So the Claims Against FHP Must Be Dismissed.***

Defendant Florida Highway Patrol must be dismissed because it lacks the legal capacity to be sued. Under Federal Rule of Civil Procedure 17(b)(3), an entity's capacity to be sued is determined by the law of the forum state.[31] Under Florida law,

[31] *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992).

executive departments are created by statute, and internal divisions lack separate legal existence or statutory authority to be sued in their own name absent explicit legislative mandate.[32]

Because Florida law has not conferred separate legal capacity upon FHP, all claims against FHP, including Count Twenty, discussed below, must be dismissed under Rule 12(b)(6).

## *II. Neither the Department nor Its Directors Sued in Their Official Capacities Are "Persons" Under 42 U.S.C. § 1983.*

Section 1983 imposes liability only upon a "person" who, under color of state law, subjects an individual to a deprivation of constitutional rights. In *Will v. Michigan Department of State Police*, the Supreme Court definitively held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."[33]

Because FHP is a division of the Department, it is an arm of the State of Florida and not a "person" amenable to suit under § 1983. Likewise, a suit against Directors Kerner and Howze in their official capacities is not a suit against the individuals, but rather a suit against the official's office. As such, it is no different from a suit against the State itself.

---

[32] *See* § 20.24(2)(a), Fla. Stat. (designating FHP as an internal division of the Department).

[33] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiffs attempt to avoid this bar by alleging in Counts Three, Four, and Five that the Defendants "ratified" misconduct or "failed to train" officers. These allegations attempt to invoke policy-and-custom liability under *Monell v. Department of Social Services.*[34] However, *Monell* liability is strictly limited to municipal corporations, counties, and local government units – entities that are not considered part of the State for Eleventh Amendment purposes. As the Supreme Court in *Will* reaffirmed, *Monell* custom-or-policy liability cannot be extended to state agencies or state officials sued in their official capacity.[35]

Because Defendants are not "persons" under § 1983 and cannot be subjected to *Monell* liability as a matter of law, Counts Three, Four, and Five fail to state a viable cause of action and must be dismissed with prejudice pursuant to Rule 12(b)(6). To the extent Count Nineteen is construed to include FHP, Kerner, or Howze, it fails for the same reason, independent of any *Monell* theory.

**C. Count Twenty's ADA Title II Claim Against FHP Independently Fails.**

Count Twenty asserts a claim against FHP under Title II of the Americans with Disabilities Act.[36] Unlike Plaintiffs' § 1983 claims, Title II does not require FHP to be a "person," and Congress has, in some circumstances, validly abrogated

---

[34] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[35] *Will*, 491 U.S. at 70 ("*Monell* . . . limited its holding to local government units which are not considered part of a State for Eleventh Amendment purposes").

[36] 42 U.S.C. § 12132.

Eleventh Amendment immunity for Title II claims. Count Twenty nonetheless fails, for the reasons set forth below.

### *I. Defendant FHP Lacks the Legal Capacity to Be Sued Under Title II for the Same Reasons Set Forth Above.*

As explained in Section B.I above, FHP lacks the legal capacity to be sued in its own name under Florida law and Federal Rule of Civil Procedure 17(b)(3).[37] That defect is not limited to Plaintiffs' § 1983 claims. Because Florida has not conferred separate legal capacity on FHP, Count Twenty must be dismissed against FHP under Rule 12(b)(6) on this ground alone.

### *II. Eleventh Amendment Abrogation Does Not Extend to Count Twenty.*

Congress may abrogate a State's Eleventh Amendment immunity from Title II claims, but only to the extent the misconduct alleged also independently violates the Fourteenth Amendment.[38] Where a plaintiff's Title II claim rests on conduct that does not itself rise to the level of a constitutional violation, a court must separately determine whether Congress's purported abrogation of that class of conduct is nevertheless valid.[39] Abrogation is not automatic and depends on the specific right and misconduct at issue, in a given case and whether Title II is an appropriate response.[40]

---

37 *Dean*, 951 F.2d at 1214–15.
38 *United States v. Georgia*, 546 U.S. 151, 158 (2006).
39 *Tennessee v. Lane*, 541 U.S. 509, 530–31 (2004).
40 *Id.*

Whether Plaintiffs have alleged such an independent violation turns on the culpability standard that governs their own Fourteenth Amendment theory, as pled in Count Nineteen. The Supreme Court has held that the culpability required for a substantive due process claim varies with the amount of time officials have to deliberate: deliberate indifference may suffice where officials have the luxury of time to make unhurried judgments, but where officers are forced to act in a matter of seconds under rapidly evolving conditions, such as in a vehicle pursuit, only conduct intended to injure in a way unjustifiable by any legitimate governmental interest will support liability.[41] In the context of a high speed chase, "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation."[42]

Accepting the well-pled factual allegations in the Amended Complaint as true, Plaintiffs have not pled facts satisfying that standard. Count Nineteen alleges only that Defendants acted with "deliberate indifference and/or intent to harm unrelated to any legitimate law enforcement objective"—a disjunctive recitation of the legal standard itself, not a factual allegation of an actual intent to injure, and therefore not

---

41 *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47, 854 (1998).

42 *Id*. at 836.

entitled to a presumption of truth.[43] The factual allegations that are pled describe an evolving, high-speed pursuit involving multiple law enforcement agencies and culminating in a PIT maneuver executed in the course of seconds, not a deliberate decision to harm the vehicle's occupants for reasons unrelated to law enforcement. Because Plaintiffs' own well-pled facts do not plausibly allege the purpose-to-harm required under *Lewis*, they have not plausibly alleged an independent Fourteenth Amendment violation, Count Twenty accordingly falls outside *Georgia's* abrogation of Eleventh Amendment immunity, and Plaintiffs cannot establish that Congress validly abrogated FHP's immunity as to this claim.

### *III. Title II Does Not Apply to FHP's Conduct During an Active, Exigent Vehicle Pursuit.*

Even apart from Eleventh Amendment immunity, Title II's reasonable-accommodation framework does not readily extend to split-second, on-the-street law enforcement conduct of the kind alleged here. The Eleventh Circuit has recognized that exigent circumstances bear on whether and how Title II applies to police conduct occurring in the field, before officers have had the opportunity to secure a scene or otherwise control the situation.[44] Other courts to consider the question have gone

---

[43] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (legal conclusions couched as factual allegations, and "formulaic recitation[s] of the elements of a cause of action," are not entitled to a presumption of truth).

[44] *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1085–86 (11th Cir. 2007).

further, holding that Title II does not apply at all to on-the-street responses to reported crimes prior to the officer's securing the scene.[45]

The conduct at issue in Count Twenty is precisely this kind of exigent, rapidly evolving encounter: a high-speed pursuit culminating in a PIT maneuver, executed in seconds, under conditions that gave officers no realistic opportunity to identify or accommodate any occupant's disability. Title II does not impose liability on FHP for its officers' failure to make on-the-spot accommodations under these circumstances. Count Twenty should therefore be dismissed under Rule 12(b)(6) for this independent reason as well.

**D. These Defects Cannot Be Cured by Amendment, so Dismissal with Prejudice Is Warranted.**

Leave to amend need not be granted, and dismissal with prejudice is proper, where a proposed amendment would still be subject to dismissal.[46] None of the defects identified above are pleading deficiencies that a more carefully drafted complaint could cure. Each flows from the fixed legal status of these Defendants and the nature of the relief Plaintiffs seek.

---

45 *Id. (citing Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000) ("Title II *does not apply* to an officer's on-the-street responses to reported disturbances or other similar incidents . . . *prior to* the officer's securing the scene and ensuring that there is no threat to human life").

46 *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend properly denied for, among other reasons, "futility of amendment"); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

FHP's lack of capacity to be sued, and the status of the Department, FHP, and their Directors as arms of the State and non-"persons" under § 1983, are creatures of Florida statute. No amendment of the factual allegations in the Amended Complaint could transform FHP into an entity with independent legal existence, or transform Kerner and Howze, sued in their official capacities, into "persons" amenable to suit under § 1983. Nor could any amendment supply a waiver of Eleventh Amendment immunity that neither Congress nor the Florida Legislature has given. Florida has expressly reserved that immunity by statute. The same is true of Count Twenty. FHP's incapacity to be sued applies with equal force to Plaintiffs' Title II claim.

Because no amendment could cure these defects, dismissal with prejudice of Counts Three, Four, Five, Twenty, and, to the extent applicable, Nineteen, is warranted as to FHP, Kerner in his official capacity, and Howze in his official capacity.

WHEREFORE, the Defendants David Kerner, in his official capacity as Director of Florida Department of Highway Safety and Motor Vehicles, Gary Howze II in his official capacity as Director of Florida Highway Patrol, and Florida Highway Patrol, a division of Florida Department of Highway Safety and Motor Vehicles, respectfully request this Court to dismiss with prejudice all claims against them, including Counts Three, Four, Five, Twenty, and, to the extent applicable, Nineteen, due to Eleventh Amendment immunity and failure to state a claim for

which relief can be granted, and grant any other relief this Court deems just and proper.

Respectfully submitted,

LONGFELLOW, LANDY & REVELL, LLP

/s/ *Daniel C. Jaindl*
Riley Landy (FBN: 84411)
Daniel C. Jaindl (FBN: 1048646)
1558 Village Square Boulevard, Suite 1
Tallahassee, Florida 32309
(850) 297-0090; Fax: (850) 297-0219
rlandy@llrlegal.com
djaindl@llrlegal.com
jhartsfield@llrlegal.com
asullivan@llrlegal.com
*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been furnished by electronic service on August 26, 2026, to:

Landon D. Stinson, Esquire
Beacon Legal, PLLC
2630A NW 41st Street
Gainesville, FL 32606
landon@beacon.legal
andrew@beacon.legal
*Attorney for the Plaintiffs*

/s/ *Daniel C. Jaindl*
Daniel C. Jaindl