**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**
**Case No. 1:26-cv-00088-MW-MJF**

**ROBERT HINES as duly appointed**
**Personal Representative of the Estate of**
**L.M., JR. (a deceased minor),**
**NIKKI REPPERT as duly appointed**
**Personal Representative of the Estate of**
**J.C. (a deceased minor),**
**LA-ZONDRA RANDOLPH, ESQ. as duly appointed**
**Personal Representative of the Estate of**
**P.M. (a deceased minor), and**
**LA-ZONDRA RANDOLPH, ESQ. as duly appointed**
**Personal Representative of the Estate of**
**T.R. (a deceased minor),**

**Plaintiffs,**

**v.**

**ALAN PALMER,**
**FLORIDA HIGHWAY PATROL, a division of**
**FLORIDA DEPARTMENT OF HIGHWAY**
**SAFETY AND MOTOR VEHICLES,**
**DAVE KERNER in his capacity as Director of Florida Department of Highway Safety and Motor Vehicles,**
**GARY HOWZE II in his capacity as Director of Florida Highway Patrol,**
**GORDON SMITH in his capacity as the duly elected sheriff of Bradford County, FL,**
**TRINTON LOVELL,**
**CHRISTOPHER GARDINER,**
**BRANDON WHITEHEAD,**
**AMERICAN HONDA MOTOR COMPANY INC.,**
**HONDA MOTOR CO., LTD., and**
**TIOGA CENTER LLC,**
**TIOGA CENTER RLKE LLC,**
**TIOGA COMMUNITY MANAGEMENT LLC,**
**TIOGA LLC,**

**TIOGA CENTER OFFICE CONDOMINIUM ASSOC. INC.**
**TOWN OF TIOGA COMMUNITY ASSOC. INC.,**
**JOHN DOE OFFICERS 1–10, and**
**JANE DOE SUPERVISORS 1–5,**

**Defendants.**
_______________________________/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs, by and through undersigned counsel, hereby file this Response in Opposition to Defendants David Kerner, in his official capacity as Director of the Florida Department of Highway Safety and Motor Vehicles, Gary Howze II, in his official capacity as Director of the Florida Highway Patrol, and Florida Highway Patrol's Motion to Dismiss. For the reasons set forth below, Plaintiffs respectfully request that the Court deny the Motion as to Counts Nineteen and Twenty and, to the extent the Court determines that Counts Three, Four, Five, or Twenty are deficient as presently pleaded, grant Plaintiffs leave to amend rather than dismiss those claims with prejudice.

## INTRODUCTION AND BACKGROUND

Defendants Florida Highway Patrol ("FHP"), David Kerner, and Gary Howze II move to dismiss Counts Three, Four, Five, Twenty, and, "to the extent applicable," Count Nineteen of the Amended Complaint under Rules 12(b)(1) and 12(b)(6). The motion should be denied as to Count Nineteen and Count Twenty. If the Court

concludes that Counts Three, Four, or Five cannot proceed against the presently named Defendants, Plaintiffs request leave to amend rather than dismissal with prejudice.

This case arises from the deaths of four minor children after an extended, multi-jurisdictional pursuit involving a suspected nonviolent property offense. The Amended Complaint alleges that Trooper Alan Palmer intentionally struck the children's vehicle with a PIT maneuver at approximately 66 miles per hour, causing the vehicle to overturn and strike a utility pole, killing all four occupants.

The challenged pleading does not rest on a bare assertion that Defendants acted unlawfully. It identifies specific policy changes made approximately four months before the incident, including the removal of supervisor approval requirements, restrictions limiting pursuits by offense, restrictions on certain PIT maneuvers, and requirements to consider roadside hazards. It further alleges that policymakers publicly promoted an aggressive pursuit culture, encouraged the use of PIT maneuvers, and failed to impose meaningful limitations despite the known risk of death.

The motion largely asks the Court to resolve disputed factual inferences in Defendants' favor, particularly whether the encounter allowed time for deliberation and whether less dangerous alternatives were available. At the pleading stage, those inferences belong to Plaintiffs.

**MEMORANDUM OF LAW**

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012). Detailed factual allegations are not required, and the plausibility standard requires sufficient facts to raise a reasonable expectation that discovery will reveal evidence supporting the claim. *Kingseal, Ltd. Liab. Co. v. Arch Specialty Ins. Co.*, 670 F. Supp. 3d 1336 (M.D. Fla. 2023).

The Court must accept well-pleaded factual allegations as true and view them in the light most favorable to Plaintiffs. *Kingseal, Ltd. Liab. Co. v. Arch Specialty Ins. Co.*, 670 F. Supp. 3d 1336 (M.D. Fla. 2023). Plaintiffs also receive the benefit of favorable inferences reasonably drawn from those allegations. *Doe v. Ibanera, LLC*, No. 1:25-cv-24118, 2026 LX 228605 (S.D. Fla. May 21, 2026). Consideration ordinarily is limited to the complaint, its exhibits, documents central to or referenced in the complaint, and matters properly subject to judicial notice. *Kingseal, Ltd. Liab. Co. v. Arch Specialty Ins. Co.*, 670 F. Supp. 3d 1336 (M.D. Fla. 2023).

A Rule 12(b)(1) challenge may be facial or factual. In a facial challenge, the Court determines whether the complaint sufficiently alleges a basis for jurisdiction and treats the complaint's allegations as true. *Lawrence v. Dunbar*, 919 F.2d 1525

(11th Cir. 1990). Although Eleventh Amendment immunity may be raised under Rule 12(b)(1), it is a waivable defense rather than an automatic limitation on a federal court's original jurisdiction. *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252 (11th Cir. 2001).

## ARGUMENT

### Count Nineteen Is Not Asserted Against the Moving Defendants

Defendants seek dismissal of Count Nineteen only "to the extent" it is asserted against FHP, Kerner, or Howze. It is not.

Count Nineteen is expressly asserted against "ALL INDIVIDUAL DEFENDANTS." FHP is not an individual defendant, and Kerner and Howze are sued only in their official capacities. Plaintiffs therefore do not assert Count Nineteen against any of the moving Defendants.

Accordingly, there is no Count Nineteen claim against FHP, Kerner, or Howze for the Court to dismiss, and Defendants' motion should be denied as to Count Nineteen.

### The Motion Does Not Justify Dismissal of Counts Three, Four, and Five with Prejudice

Plaintiffs recognize that a State, its agencies and arms, and state officials acting in their official capacities are not "persons" subject to damages liability under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 70–71 (1989).

That rule, however, does not establish that Counts Three through Five should be dismissed with prejudice. The Amended Complaint contains detailed factual allegations concerning the challenged pursuit and PIT policies, their timing, the policymakers involved, and the alleged causal connection between those policies and the fatal PIT maneuver. Plaintiffs allege, among other things, that Kerner and Howze were responsible for establishing and enforcing pursuit and PIT policies; that the challenged policies permitted high-speed pursuits for nonviolent offenses and failed to impose meaningful limitations; and that those policies and practices contributed to Palmer's use of a PIT maneuver under conditions presenting a substantial risk of death.

Accordingly, to the extent Counts Three through Five are deficient as presently pleaded, those deficiencies may be addressed through amendment. The Amended Complaint already sets forth substantial factual allegations concerning the challenged policies, policymaker involvement, implementation, training, and causation. Defendants' arguments concerning the presently named Defendants do not establish that amendment would necessarily be futile.

Plaintiffs therefore respectfully request that, if the Court determines Counts Three through Five cannot proceed as presently pleaded, Plaintiffs be granted leave to amend those claims to address the deficiencies identified by the Court rather than having them dismissed with prejudice.

**Count Twenty Plausibly States a Title II Claim, and Defendants' Fact Dependent Arguments Cannot be Resolved on the Pleadings**

Count Twenty alleges that one or more of the minor decedents had mental or developmental disabilities substantially limiting major life activities. It further alleges that, based on the occupants' ages, the duration of the pursuit, and observable behavior, officers knew or reasonably should have known that one or more occupants may have had diminished capacity, yet failed to use reasonable modifications such as de-escalation or modified pursuit tactics and instead escalated the encounter through conduct resulting in the children's deaths.

Defendants acknowledge that Title II does not require a defendant to qualify as a "person" under § 1983 and that Congress has validly abrogated state immunity for at least some Title II claims. Whether sovereign immunity bars the particular Title II claim alleged here therefore requires further analysis.

Defendants' sovereign-immunity argument does not warrant dismissal at the pleading stage. Under *United States v. Georgia*, 546 U.S. 151 (2006), the Court must determine, on a claim-by-claim basis, which alleged conduct violates Title II, to what extent that conduct also violates the Fourteenth Amendment, and, insofar as the alleged misconduct violates Title II but not the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity is nevertheless valid. Defendants seek to resolve that analysis by characterizing the pursuit as an exigent,

split-second encounter in which no reasonable accommodation was possible. But the Amended Complaint alleges an extended, multi-jurisdictional pursuit, opportunities for deliberation and disengagement, inter-agency coordination, and policy decisions made before the pursuit. Accepting those allegations as true, Defendants have not established at the pleading stage that sovereign immunity categorically bars Count Twenty.

First, Defendants characterize the incident as a split-second encounter that afforded no realistic opportunity to recognize or accommodate a disability. But the Amended Complaint alleges an extended pursuit traveling at high speeds through multiple jurisdictions, during which officers intentionally prolonged and intensified the encounter despite knowing or having reason to know that the occupants were juveniles. It also alleges that less dangerous alternatives were available, including disengagement, coordinated containment, monitoring, controlled stop measures, and waiting for safer conditions.

Accepting those allegations as true, the Court cannot conclude that the entire encounter consisted only of an instantaneous decision. Whether officers had sufficient information and opportunity to modify their tactics depends on the pursuit's duration, communications among participating agencies, information available to officers, and the feasibility of alternative tactics. Those are factual questions, not pleading defects.

Second, the motion's exigency argument does not establish a categorical bar. As the motion itself acknowledges, the Eleventh Circuit authority on which Defendants rely treats exigent circumstances as relevant to whether and how Title II applies during police encounters; the motion turns to decisions from other courts for the broader proposition that Title II does not apply at all before officers secure a scene. At most, the cited exigency principles require a context-specific inquiry. The Amended Complaint alleges a prolonged pursuit, advance opportunities to disengage, inter-agency coordination, and a deliberate decision to execute a high-speed PIT maneuver. Those allegations preclude categorical dismissal based on a purported lack of time to deliberate.

Third, Plaintiffs plausibly allege conduct that exceeded an ordinary failure to make an immediate roadside accommodation. The Amended Complaint alleges that the underlying suspected offense was nonviolent; that the minors posed no immediate threat sufficient to justify deadly force; that Palmer knew a high-speed PIT maneuver was likely to cause rollover, collision, and death; and that he nevertheless intentionally executed the maneuver without meaningfully considering less dangerous alternatives. It further alleges that the challenged conduct resulted from policies adopted before the pursuit, including the deliberate removal of safeguards governing supervisor approval, offense limitations, and roadside hazards.

Count Twenty satisfies the pleading standard. Defendants' competing characterization of the pursuit may be tested after factual development, but it cannot displace the well-pleaded allegations on a motion to dismiss.

**Any Capacity Defect in Naming FHP Under Count Twenty is Curable by Amendment**

Defendants separately argue that FHP, as a division of the Florida Department of Highway Safety and Motor Vehicles, lacks the capacity to be sued in its own name. Even if the Court agrees, that issue concerns the identity of the proper public-entity defendant—not whether the alleged conduct states a Title II claim.

The Amended Complaint identifies FHP as a division of the Department and alleges that FHP was the public entity responsible for the challenged pursuit policies, training, supervision, and discipline. The motion likewise identifies FHP as a division of the Department and states that all three moving Defendants were served at the Department's headquarters. The pleadings and motion therefore make clear the governmental entity and conduct at issue.

If the Court determines that the Department, rather than its FHP division, is the proper named defendant, Plaintiffs request leave to amend to name the Department as the proper public-entity defendant. Dismissal with prejudice based solely on the capacity of the named governmental division would elevate form over substance and prevent correction of a readily curable pleading defect.

**Plaintiffs Should Receive Leave to Amend if the Court Finds Any Claim Deficient**

Defendants seek dismissal with prejudice on the premise that the identified defects cannot be cured. But several issues raised by the motion concern the manner in which the claims are presently pleaded, including the identity or capacity of the named defendants and the proper formulation of the claims, rather than the absence of factual allegations supporting Plaintiffs' theories.

The Amended Complaint sets forth substantial factual allegations concerning the challenged pursuit and PIT policies, the officials allegedly responsible for those policies, the alleged constitutional and statutory violations, and the causal connection between the challenged conduct and the deaths of the minor Decedents.

Accordingly, if the Court determines that any claim is deficient as presently pleaded, Plaintiffs respectfully request leave to file a Second Amended Complaint to address the deficiencies identified by the Court rather than dismissal with prejudice.

Allowing amendment would permit resolution of Plaintiffs' claims on the merits while addressing any curable pleading or party-designation deficiencies identified by the Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss as to Counts Nineteen and Twenty, deny Defendants' request for dismissal with prejudice, and, to the extent the Court determines that Counts Three, Four, Five, or Twenty are deficient as presently pleaded, grant Plaintiffs leave to file a Second Amended Complaint to address any deficiencies identified by the Court.

## CERTIFICATE OF WORD COUNT

I HEREBY CERTIFY that the foregoing memorandum contains 2,350 words, in compliance with Local Rule 7.1(F).

*(Certificate of Service on Following Page)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Court via CM/ECF on September 9, 2026, and served via Notices of Electronic Filing generated by CM/ECF and via electronic mail to all counsel of record.

**Respectfully submitted,**

**BEACON LEGAL PLLC**

*/s/ Landon D. Stinson*
Landon Stinson
Florida Bar No. 1018971
landon@beacon.legal
(352) 415-4571
2630-A NW 41st St.
Gainesville, FL 32606
350 W Cedar St, #100
Pensacola, FL 32502